FILED
United States Court of Appeals
Tenth Circuit

August 29, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRIEDERICH PETER ARTEZ,

Defendant - Appellant.

No. 07-4209
(D.C. No. 2:07-CR-00254-PGC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY, McCONNELL**, and **TYMKOVICH**, Circuit Judges.

Defendant-Appellant Friederich Artez appeals from the district court's dismissal without prejudice of two cases against him for violations of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. On appeal, Mr. Artez contends the district court (1) abused its discretion in dismissing the two indictments without prejudice; (2) violated his Sixth Amendment right to speedy trial; and (3) erred in concluding that his possession of guns is not protected by the Second Amendment. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Background

On March 28, 2001, Mr. Artez was indicted in the first case (No. 01-180) on one count of possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d) after officers executing a search warrant confiscated his gun collection. Mr. Artez was arrested on April 20, 2001, and released three days later. His trial was set for June 28, 2001. The district court granted Mr. Artez's motion for an extension of time to file pretrial motions and his motion to continue to facilitate discovery and prepare for trial. The trial was rescheduled for January 15, 2002. Meanwhile, Mr. Artez filed a motion to quash the indictment on Second Amendment grounds on November 16, 2001, which the district court denied on December 20, 2001.

On January 14, 2002, the government filed a motion to continue the trial because essential witnesses were unavailable to testify due to compulsory security training for the 2002 Winter Olympics. The district court granted the motion, and the trial was rescheduled for March 26, 2002. That spring, Mr. Artez's retained counsel became unable to continue representation, he retained Jeanne Lund as new counsel, and the trial was rescheduled for June 24, 2002. On June 14, 2002, Mr. Artez filed a motion to continue to allow his new counsel time to familiarize herself with his case. The district court granted the motion and continued the trial until after the resolution of Mr. Artez's motions, excluding the time under the Speedy Trial Act. On July 9, 2002, Mr. Artez filed a motion to suppress which

the district court granted on May 7, 2003.  The government appealed, and we reversed and remanded the case on November 17, 2004.  United States v. Artez, 389 F.3d 1106 (10th Cir. 2004).

Meanwhile, on January 15, 2003, in the second case (No. 03-024) the government indicted Mr. Artez on one count of unlawfully possessing a machine gun in violation of 18 U.S.C. § 922(o).  Trial was set for April 3, 2003, but the district court continued the trial at Mr. Artez's request to await the outcome of his motion to suppress pending in No. 01-180.  On June 16, 2003, Mr. Artez moved to suppress evidence in No. 03-024 arguing that the machine gun was fruit of the poisonous tree from the initial search of the house.  The district court agreed and granted the motion to suppress, but we again reversed and remanded No. 03-024 based on our prior ruling on February 1, 2005.  VI R. Doc. 31.

After remand, the trials in both cases were set for June 2005.  On June 15, 2005, the district court held a hearing to discuss a conflict of interest involving Mr. Artez's second counsel.  The district court directed that a motion to continue be filed, Mr. Artez's counsel should withdraw, and substitute counsel be obtained. The trials were rescheduled for September 2005.  On August 17, 2005, Mr. Artez's second counsel sent a letter to the court informing it of Mr. Artez's "adamant refusal to accept [her] resignation."  III R. Doc. 114, attach. C.  On December 21, 2005, Mr. Artez's second counsel sent another letter to the court apologizing for her delay in attending to the case and recounting a number of

personal tragedies including her mother's diagnosis of congestive heart failure, her father-in-law's diagnosis of aggressive liver cancer, and the sudden death of her 19-year-old stepson. III R. Doc. 114, attach. I. While trying to resolve these issues, the parties agreed to two more continuances, and the trial was set for April 25, 2006. On March 22, 2006, the government filed a superceding indictment charging Mr. Artez with additional drug and firearm charges, but these counts were later dismissed on the government's motion. On March 29, 2006, Mr. Artez's second counsel withdrew from both cases, and new counsel was appointed. Mr Artez requested a continuance to allow his new counsel to familiarize himself with the case, and the trial was reset for September 2006. On June 21, 2006, Mr. Artez moved to dismiss both cases for violations of the Speedy Trial Act. On October 25, 2006, the district court dismissed both cases without prejudice.

Six months later on April 25, 2007, the government re-indicted Mr. Artez on one count of possession of an unregistered sawed-off shotgun, 26 U.S.C. § 5861(d), and one count of possession of a machine gun, 18 U.S.C. § 922(o). Mr. Artez filed three motions to dismiss this indictment arguing that the prior two cases should have been dismissed with prejudice, the indictment was filed beyond the six-month period under 18 U.S.C. § 3288, and the indictment violated the Speedy Trial Act and his Sixth Amendment right to a speedy trial. The district court denied these motions, United States v. Artez, No. 07-254, 2007 WL

2956330 (D. Utah Oct. 5, 2007). Mr. Artez pleaded guilty to Count I, reserving his right to appeal the district court's denial of his motions to dismiss. Count II was dismissed on the government's motion. Mr. Artez was sentenced to 12 months' bench probation.

Discussion

On appeal, Mr. Artez contends the district court (1) abused its discretion in dismissing the two indictments without prejudice; (2) violated his Sixth Amendment right to speedy trial; and (3) erred in concluding that his possession of guns is not protected by the Second Amendment.

A. Speedy Trial Act

We review the district court's decision to dismiss an indictment for violation of the Speedy Trial Act without prejudice for an abuse of discretion. United States v. Jones, 213 F.3d 1253, 1256 (10th Cir. 2000). The Speedy Trial Act generally requires a trial to begin within 70 days of the filing of an indictment or the defendant's initial appearance, 18 U.S.C. § 3161(c)(1), but provides a number of exceptions excluding specific periods of delay from being counted toward the 70-day time limit, see id. § 3161(h). If the defendant is not brought to trial within the required time, the indictment is dismissed on motion of the defendant. Id. § 3162(a)(2). Section 3162(a)(2) further provides:

In determining whether to dismiss the case with or without prejudice,

the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

The Supreme Court has determined that prejudice to the defendant is another factor the district court must take into consideration in exercising its discretion. United States v. Taylor, 487 U.S. 326, 333–34 (1988). Our function is to insure that the statute is effectuated, recognizing that "when the statutory factors are properly considered, and supporting factual findings are not clearly in error, the district court's judgment of how opposing considerations balance should not lightly be disturbed." Id. at 337.

First, Mr. Artez has conceded that his firearms offense is a serious offense. Aplt. Br. at 12; III R. Doc. 106, at 11. Second, in examining the facts and circumstances of the case, we focus "on the culpability of the delay-producing conduct." United States v. Saltzman, 984 F.2d 1087, 1093 (10th Cir. 1993) (quotations omitted). "Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy." Id. at 1093–94. Mr. Artez concedes that there is no evidence of bad faith by the government, but argues that three events are evidence of the government's pattern of neglect. Mr. Artez points to the government's motion to continue on the eve of trial due to an officer's unavailability to testify due to security training for the 2002 Winter Olympics; the

-6-

government's filing of a superceding indictment adding two additional counts; and the six-month delay in refiling after dismissal of the original two cases. Aplt. Br. at 13–15. At oral argument, Mr. Artez suggested that the government had been aware of a conflict concerning his second counsel six months prior to raising it before the district court in June 2005. See also Aplt. Reply Br. at 9-10.

Mr. Artez also argues that the district court's findings were inadequate in granting the ends-of-justice continuances and that this demonstrates a dismissal with prejudice is appropriate. We acknowledge that district courts must make explicit findings why a continuance meets the ends of justice. United States v. Williams, 511 F.3d 1044, 1057 (10th Cir. 2007). But this is beside the point—the district court dismissed the indictments for violating the Speedy Trial Act making the findings supporting those continuances irrelevant to the arguments now on appeal.

Our review of the record reveals that while the government is not without fault, it is not responsible for much of the delay. Much of the delay stemmed from the suspension from practice of Mr. Artez's first counsel, Mr. Artez's illness, the conflict of interest issue involving Mr. Artez's second counsel,[1] and

---

[1] The record indicates that in January 2005, Mr. Artez's second counsel raised the conflict issue with her client, and the government also raised the issue with counsel. III R. Doc. 108, attach. G at ¶¶ 13-15. At the sealed hearing in June, second counsel indicated that it was unfortunate that the matter could not have been resolved six months ago and that "both parties are at fault in not citing this six months ago." VII R.S. 7. The matter was hardly that simple–although (at

the personal difficulties of Mr. Artez's second counsel. In dismissing the two cases, the district court specifically mentioned the difficulty it faced in trying to contact defense counsel to move the case forward. III R. Doc. 122, at 2. Mr. Artez's evidence does not show a pattern of neglect on the part of the government considering his responsibility for most of the delay in the cases.

Third, Mr. Artez argues that the lengthy delay would negatively impact the administration of the Speedy Trial Act and the administration of justice. However, as Mr. Artez concedes, violation of the Speedy Trial Act alone is insufficient to warrant dismissal with prejudice. See United States v. Abdush-Shakur, 465 F.3d 458, 462 (10th Cir. 2006). In the absence of bad faith or a pattern of neglect by the prosecution, we fail to see how the delays, the majority of which were not caused by the government, substantially impact the administration of justice.

Fourth, Mr. Artez argues that the lengthy delays prejudiced him because the pawn shop where he purchased the machine gun changed hands during the

---

the hearing) second counsel agreed to a continuance and to withdraw, proceedings on the conflict-of-interest matter continued for months afterward with second counsel contending that a conflict did not exist, and that if it did, Mr. Artez waived the conflict. The district court viewed the delay on the conflict issue as attributable to the defendant. III R. Doc. 122 at 2. A review of the record reveals that the conflict issue was factually complex and difficult and certainly merited careful development and consideration. As we mention below, resolution of the conflict issue was essential and ultimately benefitted the defendant; the government should not be disadvantaged by pressing this issue when counsel would not withdraw.

pendency of the case which impeded his ability to potentially prove that the modifications that made the firearm qualify as a machine gun were unknown to the seller and to himself at the time of sale. In addition, Mr. Artez argues that the delay prejudiced him by draining his financial resources. We are sympathetic to the hardships defendants face from prolonged prosecutions, see Taylor, 487 U.S. at 340–41, and although Mr. Artez has demonstrated that he suffered some prejudice from the delay, this showing was not sufficient to compel dismissal with prejudice in the absence of a favorable showing on the other factors. Mr. Artez concedes that the government dismissed the count regarding possession of the machine gun, and merely speculates that he might have been able to achieve a better outcome on the sawed-off shotgun charge with such evidence. See Abdush-Shakur, 465 F.3d at 464. We do not doubt that the long prosecution was expensive to defend, but the weight of this factor is lessened by the government's lack of responsibility for many of the delays. In addition, Mr. Artez was only incarcerated for three days during the pendency of the cases. After reviewing the record we agree with the district court that "much of the delay was to resolve a conflict issue for the benefit of the defendant and the government should not now be penalized for delays in which the defendant was complicit." III R. Doc. 120, at 2. We conclude that the district court did not abuse its discretion in dismissing the two indictments without prejudice.

B.  Sixth Amendment Right to a Speedy Trial

The Sixth Amendment guarantees "the right to a speedy . . . trial" in criminal prosecutions.  U.S. Const. amend. VI.  In determining whether this right has been violated, we must balance the following four factors: "(1) the length of the delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant."  Abdush-Shakur, 465 F.3d at 464 (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).  We only continue to the other three factors if the delay is "presumptively prejudicial."  United States v. Lugo, 170 F.3d 996, 1002 (10th Cir. 1999).  Mr. Artez does not contend that the government dismissed and later reinstituted the charges in bad faith to evade the guarantee of a speedy trial.  Aplt. Br. at 13; see United States v. MacDonald, 456 U.S. 1, 10 n.12 (1982).

There appears to be some confusion whether the dismissal of an indictment prior to refiling for the same conduct pauses or resets the clock for purposes of the Sixth Amendment Speedy Trial Clause.  Compare United States ex rel. Mitchell v. Fairman, 750 F.2d 806, 808 (7th Cir. 1984) (clock pauses), with Metoyer v. Scott, 70 F. App'x 524, 530 (10th Cir. 2003) (unpublished) (clock resets).  Either way, the five years between indictment and dismissal here is presumptively prejudicial.  However, this lengthy delay is outweighed by the other three factors.  Regarding the reason for the delay, the district court noted, "[t]he defendant is substantially responsible for many, if not most of the delays

-10-

and is not without fault." III R. Doc. 120, at 2; see United States v. Dirden, 38 F.3d 1131, 1138 (10th Cir. 1994) (noting delays attributable to the defendant should not weigh against the government). Next, Mr. Artez delayed asserting his right to a speedy trial until June 21, 2006, many years after the filing of the first indictment in March 2001. Finally, as noted above, Mr. Artez showed little actual prejudice. Thus, Mr. Artez has failed to establish a violation of the Speedy Trial Clause of the Sixth Amendment.

C.  Second Amendment Challenge

Mr. Artez filed a motion to quash in the first case arguing, in part, that his possession of a sawed-off shotgun is protected by the Second Amendment. Mr. Artez renews this argument on appeal contending that the case District of Columbia v. Heller, 128 S. Ct. 2783 (2008), then pending before the Supreme Court, may call into question existing law on the right to bear arms. Mr. Artez entered a conditional guilty plea, reserving his right to appeal the denial of his motions to dismiss for violations of the Speedy Trial Act and the Sixth Amendment right to a speedy trial. I R. Doc. 51, at 4. A defendant may enter a conditional plea to preserve appellate review of a "specified pretrial motion." Fed. R. Crim. P. 11(a)(2). Because Mr. Artez did not reserve his right to appeal the Second Amendment issue in his conditional plea, he has waived his right to appeal this issue. United States v. Lora-Solano, 330 F.3d 1288, 1295 (10th Cir. 2003). Regardless, the Supreme Court in Heller explicitly stated that "the Second

-11-

Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns." 128 S. Ct. at 2815–16.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge